Filed 5/8/14  P. v. Smith CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C072008 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-113058B) |
| v. | |
| CORTNEY LORTEK SMITH, | |
| Defendant and Appellant. | |

A jury found defendant Cortney Lortek Smith guilty of second degree burglary (Pen. Code, § 459—count one)[1] and petty theft with a prior theft conviction (§ 484, subd. (a)/666, subd. (b)(1)—count three).  After defendant admitted a prior strike conviction and two prior prison terms (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i), 667.5, subd. (b)), the trial court denied defendant's *Romero*[2] motion and his motions to

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

1

reduce both counts to misdemeanors and to stay or dismiss the prison priors. Defendant was sentenced to four years eight months in state prison, with count three being stayed pursuant to section 654.

On appeal, defendant contends we should reverse the denial of his *Romero* motion and remand for reconsideration in light of Proposition 36's changes to the "Three Strikes" law.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2012, at around 5:00 p.m., defendant, codefendant Shericca Robinson[3] and two other females entered a Roseville Raley's supermarket. Defendant and one of the females acted as lookouts while Robinson took large containers of baby formula and placed them in a bag. After Robinson and one of the other females took more items, the group headed for the exit.

Defendant and his cohorts left the store without paying for the items. The store's asset protection manager went outside and yelled, "Security. Drop the bag," causing one of the females to drop a bag. Robinson and defendant evaded capture, running to a nearby apartment complex.

After a bystander informed police that he had seen the subjects flee the scene and later saw two members of that same group enter a fast food restaurant, police went to the restaurant and apprehended defendant and Robinson. Both were identified by the Raley's loss prevention agent who witnessed the crime. Defendant told the officer he was from Oakland and he had been visiting his brother in South Sacramento. He came up to Roseville with some friends who were shopping. He said he was unaware that his friends were stealing, and he ran from the loss prevention officer because he thought he was going to be attacked.

---

[3] Codefendant is not a party to this appeal.

Defendant's prior strike conviction was a 2004 conviction for attempted robbery (Pen. Code, §§ 664/211). He also had a 2003 conviction for assault by means likely to produce great bodily injury (*id*., § 245, subd. (a)(1)), as well as a 2006 conviction for possession of cocaine base with intent to sell (Health & Saf. Code, § 11351.5), a 2008 conviction for misdemeanor battery (Pen. Code, § 242), a 2011 conviction for second degree burglary (*id*., § 459), and a 2012 conviction for driving with a blood-alcohol level of 0.08 or higher (Veh. Code, § 23152, subd. (b)).

Defendant was sentenced on September 7, 2012. His *Romero* motion noted that he was 19 when he committed the prior strike and he "did not appear to be the heavy in that case." He further argued that he was facing "an extraordinary amount of prison time" for a "comparatively innocuous case." The trial court denied the motion, finding the prior strike was not particularly old and defendant had a record of nearly continuous convictions since the strike conviction. The court expressly stated it could not find defendant outside the "intent" of the Three Strikes law, given "defendant's character, his history [and] his conduct." Notwithstanding defendant's prior record, the trial court declined to impose an upper or middle term sentence as the base term. Instead, the court chose the low term on count one as the base term, citing defendant's "passive" role in the instant offense.

## DISCUSSION

Defendant concedes that the trial court's denial of his *Romero* motion was not an abuse of discretion "under all the circumstances here." He nonetheless asks us to reverse and remand to allow the trial court to reconsider the motion in light of an "unusual circumstance," the changes to the Three Strikes law in Proposition 36.

On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which changed the requirements for sentencing for a third strike. Under prior law, a person with two or more prior strikes is subject to a 25-year-to-life sentence for any subsequent felony conviction. (See former §§ 667, 1170.12.)

3

Proposition 36 amended the Three Strikes law to limit the 25-year-to-life sentence to persons with two prior strikes whose current conviction is for a serious or violent felony. (§§ 667, 1170.12.)  Those with two prior strikes who are convicted of any other felony are now sentenced as a two strike offender.  (§§ 667, 1170.12.)  Proposition 36 also allows persons currently serving three strikes sentences for a crime that is not a serious or violent felony to be resentenced as a second strike offender unless the trial court determines that resentencing poses an unreasonable risk to public safety or the defendant is disqualified from resentencing under certain exceptions.  (§ 1170.126.)

Although Proposition 36 does not make any change to the second strike provisions of the Three Strikes law, defendant asserts that Proposition 36 changes the calculus of assessing *Romero* motions in two strike cases like his.  Since many defendants with two or more prior strikes will now be given two strike sentences for their felony convictions, defendant asserts that those with only one prior strike should have their *Romero* motions assessed differently.

Proposition 36 does not apply retroactively.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 176 [Prop. 36's changes to §§ 667 & 1170.12 apply prospectively only]; see also *People v. Floyd* (2003) 31 Cal.4th 179, 191 [prospective application of change in law reducing punishment for crime does not violate equal protection].)  Moreover, even if it did, the voters clearly indicated their intent that sentences for second strike offenders were not to be changed in their enactment of subdivision (c) of section 1170.126, which expressly states that persons previously sentenced as second strike offenders are not eligible for Proposition 36 resentencing.[4]  Thus, neither the letter nor

---

[4]  Section 1170.126, subdivision (c) states, "No person who is presently serving a term of imprisonment for a 'second strike' conviction imposed pursuant to paragraph (1) of subdivision (e) of Section 667 or paragraph (1) of subdivision (c) of Section 1170.12, shall be eligible for resentencing under the provisions of this section."

the spirit of the Three Strikes law relative to second strike offenders was changed by Proposition 36.

The factors guiding a trial court's discretion to dismiss strike allegations pursuant to section 1385 remain as articulated by our high court in *Romero, supra*, 13 Cal.4th at pages 530-531 and *People v. Williams* (1998) 17 Cal.4th 148, 161. Nothing in Proposition 36 suggests the intent to overrule or change *Romero* or *Williams*. Thus, we are bound to follow that well-settled precedent. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) For these reasons, we reject defendant's novel contention.

**DISPOSITION**

The judgment is affirmed.


      MURRAY      , J.


We concur:


      HULL      , Acting P. J.


      ROBIE      , J.